# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARCELLUS J. MEBANE, JR.,

        Plaintiff,

  v.

CAMDEN COUNTY
CORRECTIONAL FACILITY and
WARDEN OWENS,

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06055 (JBS-AMD)

**OPINION**

APPEARANCES:
Marcellus J. Mebane, Jr., Plaintiff Pro Se
687 Jefferson Avenue
Camden, NJ 08104

**SIMANDLE, District Judge:**

## I.   INTRODUCTION

1.   Plaintiff Marcellus J. Mebane, Jr. seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Camden County Correctional Facility ("CCCF") and Warden Owens ("Owens") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, this Court will:

   a. Dismiss with prejudice Plaintiff's claims against CCCF, as CCCF is not a "person" within the meaning of 42 U.S.C. § 1983 (28 U.S.C. § 1915(e)(2)(b)(ii));

   b. Dismiss with prejudice the following claims by Plaintiff arising out of confinements from which he was released prior to September 28, 2014, on the grounds that such claims are barred by the statute of limitations and therefore fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)): (i) overcrowded conditions of confinement claims, (ii) verbal harassment claims, and (iii) failure to protect claims;

   c. Dismiss without prejudice the following claims by Plaintiff arising out of confinements from which he was released on or after September 28, 2014, on the grounds that such claims fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)): (i) overcrowded conditions of confinement claims, (ii) verbal harassment claims, (iii) failure to protect claims, (iv) claims against defendant Owens, (v) inadequate medical care claims, (vi) claims of deliberate

indifference to Plaintiff's medical condition, and
(vii) claims of negligence; and

d. Grant Plaintiff leave to amend the Complaint within 30
days of the date of this Court's Order accompanying
this Opinion, in the event Plaintiff elects to address
the pleading deficiencies described herein, with
respect to confinements after September 28, 2014,
only.

## II. DISCUSSION

### A. Claims Against CCCF: Dismissed With Prejudice

4. Plaintiff brings this action pursuant to 42 U.S.C.
§ 1983[1] for alleged violations of Plaintiff's constitutional
rights. In order to set forth a *prima facie* case under § 1983, a
plaintiff must show: "(1) a person deprived him of a federal
right; and (2) the person who deprived him of that right acted
under color of state or territorial law." *Groman v. Twp. of
Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v.
Toledo,* 446 U.S. 635, 640 (1980)).

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress . . . ." 42 U.S.C. § 1983.

5.   Generally, for purposes of actions under § 1983,

"[t]he term 'persons' includes local and state officers acting

under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

say that a person was "acting under color of state law" means

that the defendant in a § 1983 action "exercised power [that the

defendant] possessed by virtue of state law and made possible

only because the wrongdoer [was] clothed with the authority of

state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation

omitted). Generally, then, "a public employee acts under color

of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law." *Id.*

at 50.

6.   Because the Complaint has not sufficiently alleged

that a "person" deprived Plaintiff of a federal right, the

Complaint does not meet the standards necessary to set forth a

*prima facie* case under § 1983. In the Complaint, Plaintiff seeks

monetary damages from CCCF for allegedly unconstitutional

conditions of confinement. (Complaint § V.) The CCCF, however,

is not a "person" within the meaning of § 1983; therefore, the

---

[2] "Person" is not strictly limited to individuals who are state
and local government employees, however. For example,
municipalities and other local government units, such as
counties, also are considered "persons" for purposes of § 1983.
*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
690-91 (1978).

claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7.    Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order, as explained below.

**B.    Claims Of: (a) Overcrowded Conditions of Confinement, (b) Verbal Harassment, and (c) Failure to Protect: Dismissed With Prejudice As To Confinements From Which Plaintiff Was Released Prior To September 28, 2014**

8.    Several of the claims set forth in the Complaint are time-barred under the two-year statute of limitations governing Section 1983 claims and must be dismissed with prejudice on that basis, as now explained.

9.    First, Plaintiff alleges that he was "forced to sleep on [the] floor" and "had to sleep in cells at times with two

5

other inmates," thus supposedly experiencing overcrowded conditions of confinement at CCCF during the periods: (a) from "11/13/15 to 9/11/16"; and (b) "also 2012 & 2014." (Docket Entry 1, Complaint §§ III(B), III(C) and page 4.) Although Plaintiff does not specify whether his "2012 & 2014" allegation refers to two separate incarcerations with different release dates, this Court reasonably construes § III(B) of the Complaint to so indicate two separate detentions: one occurring in 2012 and another in 2014. Plaintiff's overcrowded conditions claims arising out of confinements from which he was released prior to September 28, 2014 are hereinafter referred to as the "Expired Overcrowding Claims," for reasons more fully explained below.

10.     Second, Plaintiff alleges that "Warden Owens, Sgt. Vernon, Mrs. Kareem, [and] Nurse Houston . . . was [sic] not supportive and made me feel as [if] I had no rights. Any grievances made by my [sic] was met with reprisel [sic]." (Docket Entry 1, Complaint § III(C).) Although the Complaint does not identify the particular language of the alleged verbal communications or the dates when the supposed events occurred, this Court reasonably construes these contentions in the Complaint to allege unconstitutional threats, acts, and verbal abuse against Plaintiff. *See generally Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009) (discussing claims under § 1983 for verbal abuse during confinement). Such claims arising out of

confinements from which Plaintiff was released prior to September 28, 2014 are hereinafter referred to as the "Expired Harassment Claims," for reasons more fully explained below.

11. Third, Plaintiff alleges that CCCF "officers" would "not do anything to prevent violence against other inmates who do not wish to partake in violence." (Complaint page 4.) Although the Complaint does not identify which "officers" were involved in these supposed events or the dates when they occurred, the Court construes these contentions in the Complaint as alleging a Due-Process-grounded failure to protect claim. *See generally Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012) (discussing unsentenced inmates' protection claims under the Due Process Clause). Plaintiff's failure to protect claims arising out of confinements from which he was released prior to September 28, 2014 are hereinafter referred to as the "Expired Failure to Protect Claims," for reasons more fully explained below.

12. Plaintiff's Expired Overcrowding Claims, Expired Harassment Claims, and Expired Failure to Protect Claims, all of which arise out of confinements from which Plaintiff was released prior to September 28, 2014 (all three claim categories are hereinafter referred to collectively as the "Time-Barred Claims"), are barred by the statute of limitations and are

therefore dismissed with prejudice for failure to state a claim, as the Court now proceeds to explain.

13. "[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, this Court denies leave to amend the Complaint's Time-Barred Claims because they have lapsed under the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[3] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

14. Accordingly: (a) with respect to Plaintiff's 2012 incarceration at CCCF, the two-year statute of limitations for

---

[3] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

Plaintiff's Time-Barred Claims (*Wilson*, 471 U.S. at 276; *Dique*, 603 F.3d at 185) expired in 2014 (specifically, they lapsed on the date in 2014 that was two years after his release from the 2012 incarceration); and (b) with respect to Plaintiff's 2014 incarceration at CCCF, the two-year statute of limitations for Plaintiff's Time-Barred Claims expired in 2016 (specifically, they lapsed on the date in 2016 that was two years after his release from the 2014 incarceration).

15.  However, the Clerk's Office of this Court did not receive Plaintiff's Complaint until September 28, 2016 (Docket Entry 1); that is, Plaintiff had not filed this action prior to expiration of the two-year limitations period on the Time-Barred Claims.

16.  "Although a complaint is not formally filed until the filing fee is paid, a complaint [is deemed] constructively filed as of the date that the clerk received the complaint -- as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*."[4] *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996).[5]

---

[4] This Court granted Plaintiff's application to proceed *in forma pauperis* on October 12, 2016. (Docket Entry 3.)

[5] The mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), under which pleadings are deemed filed with a court when a prisoner provides them to prison officials to mail, is inapplicable here for purposes of calculating the date on which Plaintiff's

17. Here, the Clerk's Office of this Court received Plaintiff's Complaint on September 28, 2016 (Docket Entry 1), which is more than two years after: (a) Plaintiff's experience of alleged overcrowded conditions, alleged verbal harassment, and alleged failure to protect during his 2012 incarceration, and (b) his experience of similar alleged conditions during any incarceration from January 1 – September 27, 2014. *See* Complaint § III(B). The Time-Barred Claims in Plaintiff's Complaint are thus expired pursuant to the statute of limitations: that is, Plaintiff's overcrowded conditions claims, harassment claims, and failure to protect claims arising out of confinements from which he was released prior to September 28, 2014 were not timely filed and are now barred from suit.

18. As there are no grounds for equitable tolling of the statute of limitations,[6] the Complaint's Time-Barred Claims will be dismissed with prejudice. *Ostuni*, 532 F. App'x at 112 (per

_____

Complaint was filed with this Court. According to Plaintiff's Complaint that he signed on September 22, 2016, he was living as of that date on Jefferson Avenue in Camden, not in jail. (Docket Entry 1 at 6.) Therefore, his Complaint is deemed filed as of the date it was received by the Clerk's Office: *i.e.*, September 28, 2016. (Docket Entry 1.)

[6] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**C. Claims Of (a) Overcrowded Conditions of Confinement, (b) Verbal Harassment, (c) Failure to Protect, (d) Inadequate Medical Care, and (e) Deliberate Indifference to Plaintiff's Medical Condition: Dismissed Without Prejudice As To Confinements From Which Plaintiff Was Released On Or After September 28, 2014**

19. Several of the claims set forth in the Complaint fail to state a claim upon which relief may be granted and must be dismissed without prejudice on that basis. The Court will address these claims in turn.

20. First, Plaintiff alleges that he was "forced to sleep on [the] floor with flat mat," that he "slept at times next to toilet, showers & other areas of cell block [that] had black mold and/or rust I breathed," and that he "had to sleep in cells at times with two other inmates." (Complaint § III(C) and page 4.) Such overcrowded conditions claims arising out of confinements from which Plaintiff was released on or after September 28, 2014[7] are hereinafter referred to as Plaintiff's

---

[7] The September 28, 2014 date is two years before the September 28, 2016 date on which the Clerk's Office of this Court received Plaintiff's Complaint (Docket Entry 1) – i.e., claims arising on or after September 28, 2014 are not violative of the applicable two-year statute of limitations.

"Claims of Overcrowding," for reasons more fully explained below.

21.   Second, Plaintiff alleges that "Warden Owens, Sgt. Vernon, Mrs. Kareem, [and] Nurse Houston . . . was [sic] not supportive and made me feel as I had no rights. Any grievances made by my [sic] was met with reprisel [sic]." (Complaint § III(C).) Such claims of unconstitutional threats, acts, and verbal abuse that arise out of confinements from which Plaintiff was released on or after September 28, 2014 are hereinafter referred to as the "Claims of Harassment," for reasons more fully explained below.

22.   Third, Plaintiff alleges that CCCF "officers" would "not do anything to prevent violence against other inmates who do not wish to partake in violence." (Complaint at 4.) Such claims of failure to protect that arise out of confinements from which Plaintiff was released on or after September 28, 2014 are hereinafter referred to as the "Claims of Failure to Protect," for reasons more fully explained below

23.   Fourth, Plaintiff alleges that he "broke thumb d[ue] to uncleaned showers. Stayed five months without orthopedic doctor. Forced to stay in 2SA medical while not getting any treatment. Only went to Cooper Hospital twice." (Complaint § IV; *see also* Exhibit 1 to Complaint, Docket Entry 2 at page 4 (referencing "deplurible [sic] [conditions] hear [sic] why I

hurt my hand").) Plaintiff's inadequate medical care claims arising out of confinements from which he was released on or after September 28, 2014 are hereinafter referred to as Plaintiff's "Claims of Inadequate Medical Care," for reasons more fully explained below.

24. Fifth, Plaintiff alleges that he "had been upstairs for almost three months with a broak [sic] thumb. I didn't think it was serious. Time went by and I had to drop a sick slip because I started to get wor[ried] about it. About a month or two went by and I was back and forth to medical. It took three x-rays for me to find out I had a fracture." (Complaint Ex. 2 at 5.) Plaintiff's claims of deliberate indifference to his medical condition that arise out of confinements from which Plaintiff was released on or after September 28, 2014 are hereinafter referred to as the "Claims of Deliberate Indifference," for reasons more fully explained below[8]

---

[8] Under a reasonable construction of the allegations of the Complaint which are accepted as true for screening purposes only, Plaintiff's Claims of Inadequate Medical Care and Claims of Deliberate Indifference arise from purported events occurring on or after September 28, 2014. Specifically, Plaintiff claims that his thumb was "hurt two times" (Complaint Ex. 2 (Docket Entry 1-2) at 2) allegedly "because of the conditions of this building" that caused him to "slip on the floor" while at CCCF: (a) "sometime between late February and early May of 2016" (*id.* at 3); and (b) "on 5/9/16." (*Id.* at 1.) On April 26, 2016, Plaintiff acknowledged that his "thumb is healed practical[l]y [and] I wish to return to duty." (*Id.* at 3.) After Plaintiff issued a grievance to CCCF personnel following his second incident, he "had an x-ray since issuance of [the] grievance and

25.  Plaintiff's Claims of Overcrowding, Claims of Harassment, Claims of Failure to Protect, Claims of Inadequate Medical Care, and Claims of Deliberate Indifference -- all of which arise out of confinements from which Plaintiff was released on or after September 28, 2014 -- are dismissed without prejudice for failure to state a claim, as explained below.

## 1. **Claims of Overcrowding**

26.  With respect to the alleged facts giving rise to Plaintiff's overcrowded conditions of confinement claims, the present Complaint states: "I was forced to sleep on floor with flat mat . . . I had to sleep in cells at times with two other inmates. I had to breath[e] dirty air do [sic] to poor ventilation & uncleaned vents . . . Broke thumb do [sic] to uncleaned showers. Caused me not to wont [sic] to touch

---

x-ray showed [as of May 29, 2016] no re-injury to [his] hand." (*Id.*) Plaintiff told a CCCF investigator in May 2016 that he "had no other issues" and "want[ed] to be medically cleared" because he "need[ed] a job." (*Id.*) Plaintiff's Claims of Inadequate Medical Care and Claims of Deliberate Indifference under § 1983 thus accrued between February 2016 and May 2016 when he knew or should have known of the injury upon which this action is based (*Montanez*, 773 F.3d at 480), and so New Jersey's two-year limitations period for personal injury (*Wilson*, 471 U.S. at 276; *Dique*, 603 F.3d at 185) would have expired on Plaintiff's Claims of Inadequate Medical Care and Claims of Deliberate Indifference as early as February 2018. Since the Clerk's Office of this Court received Plaintiff's Complaint on September 28, 2016 (Docket Entry 1), his Claims of Inadequate Medical Care and Claims of Deliberate Indifference are timely filed.

anything. Caused me to loose [sic] balance and fall, resulting in broken thumb." (Complaint § III(C) and page 4.)

27.   Plaintiff states that these events occurred during the periods "11/13/15 to 9/11/16" and "also 2012 & 2014." *Id.* § III(B).

28.   Plaintiff alleges that he suffered "depression, anxiety, pannic [sic] attacks, PTSD . . . [and] broken thumb." *Id.* § IV and page 4.

29.   Plaintiff seeks "as much monetary for pain & suffering. $15,000.000 – $30,000.00 for pain & suffering mental problems." *Id.* § V.

30.   This Court dismisses the Overcrowding Claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The Court accepts as true for screening purposes only the statements in Plaintiff's Complaint, but there is not enough factual support for the Court to infer that an unconstitutional overcrowding violation has occurred.

31.   To survive *sua sponte* screening for failure to state a claim[9], the Complaint must allege "sufficient factual matter" to

<hr>

[9] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

32. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

33.     However, even construing the Complaint in this case as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation of overcrowding has occurred.

34.     The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d

984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

35.  Accordingly, the Claims of Overcrowding will be dismissed without prejudice, with leave to amend the Complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If Plaintiff wishes to pursue the Claims of Overcrowding, he bears the burden of supplying the facts of the claims, as discussed above. *Mala*, 704 F.3d at 245; *Pliler v. Ford*, 542 U.S. 225, 231 (2004). The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 2.  Claims of Harassment

36.  With respect to facts giving rise to his harassment claims, Plaintiff alleges that "Warden Owens, Sgt. Vernon, Mrs. Kareem, Nurse Houston . . . was [sic] not supportive and made me feel as I had no rights. Any grievances made by my [sic] was met with reprisel [sic]." (Complaint § III(C).) The Complaint does not identify the particular language of the alleged verbal

communications or the dates when the supposed harassment
occurred.

37.   Nevertheless, allegations of verbal abuse or threats,
unaccompanied by injury or damage, do not state claims under §
1983, regardless of whether the inmate is a pretrial detainee or
sentenced prisoner. *Brown v. Hamilton Twp. Police Dep't Mercer
County, New Jersey*, 547 F. App'x 96, 97-98 (3d Cir. 2013).
*Accord Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir.
2010); *Aleem-X*, 347 F. App'x at 732; *Richardson v. Sherrer*, 344
F. App'x 755, 757 (3d Cir. 2009); *Patterson v. Bradford*, No. 10-
5043, 2011 WL 1983357, at *5 (D.N.J. May 20, 2011) (citations
omitted).

38.   Here, Plaintiff does not allege an accompanying
violation of injury or damage that might allow the alleged
verbal harassment to state a separate due process claim in
violation of his Fourteenth Amendment rights.

39.   At most, Plaintiff alleges that he was offended by and
had undiagnosed "mental anguish" and "anxiety" (Complaint § V
and page 4) from unnamed CCCF guards' unspecified remarks on
unknown dates, but Plaintiff does not offer any facts that are
necessary for the supposed verbal abuse to rise to the level of
a violation of his Fourteenth Amendment rights. The allegation
of "[un]supportive" environment and "reprisel" in the Complaint
(§ III(C)) is insufficient to support a claim that "Warden

Owens, Sgt. Vernon, Mrs. Kareem [and] Nurse Houston" (*id.*) were verbally harassing Plaintiff as a form of punishment or to deprive Plaintiff of any of his constitutional rights.

40.  Consequently, because the alleged verbal harassment of Plaintiff was not accompanied by any injurious actions — or physical actions of any kind - by CCCF guards, Plaintiff fails to state a cognizable § 1983 claim for a violation of his Fourteenth Amendment due process rights. Also, a prisoner cannot recover money damages for emotional distress, pain, or suffering unless he has suffered a physical injury, *see* 42 U.S.C. § 1997e(e). Accordingly, the Claims of Harassment will be dismissed without prejudice, with leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If Plaintiff wishes to pursue the Claims of Harassment, Plaintiff bears the burden of supplying the facts of the claims, as discussed above. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. No claim for emotional distress, pain, or suffering can be made in the amended complaint unless caused by a physical injury. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 3.   Claims of Failure to Protect

41.   Plaintiff contends that he "could not rely on strong protection from most officers, causing increased anxiety. My civil rights were ignored because constantly scared. Mental anguish because of this." (Complaint § V.)

42.   In order to state a claim for failure to protect (whether under the Fourteenth Amendment that applies to pre-trial detainees (such as Plaintiff here) and convicted but-not-yet sentenced inmates, or the Eighth Amendment that applies to sentenced prisoners), a plaintiff must plead facts showing that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the [defendant] was deliberately indifferent to that substantial risk to his health and safety, and (3) the [defendant's] deliberate indifference caused him harm." *Bistrian*, 696 F.3d at 366-67. "'Deliberate indifference' in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* at 367 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). "It is not sufficient that the official should have known of the risk." *Bistrian*, 696 F.3d at 367 (citing *Beers-Capitol*, 256 F.3d at 133 (citing *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)).

43.   Plaintiff's generalized, conclusory, and unsupported reference to CCCF officers' failure to "prevent violence against

other inmates who do not wish to partake in violence" (Complaint page 4) is insufficient to demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm." *Bistrian*, 696 F.3d at 367.

44. Moreover, Plaintiff's non-specific allegations, which do not identify the date(s) of, participant(s) in, Plaintiff's injuries (if any) from, or Plaintiff's complaints to CCCF personnel about the purported lack of "violence" risk prevention (Complaint page 4), are insufficient to establish deliberate indifference. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) ("It is well established that merely negligent misconduct will not give rise to a claim under § 1983; the defendant must act with a higher degree of intent") (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998)) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process")). "[N]egligent conduct is never egregious enough to shock the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004). In other words, mere negligence or inattention by a corrections officer in failing to protect a pretrial detainee from violence at the hands of another inmate is not enough to rise to the level of a constitutional violation under the Fourteenth Amendment. Defendants "must actually have been aware of the existence of the excessive risk; it is not

sufficient that [Defendants] should have been aware." *Beers-*
*Capitol*, 256 F.3d at 133 (citing *Farmer*, 511 U.S. at 837-38).
Plaintiff here has offered no facts whatsoever to even suggest
that unnamed correctional officers were aware of any risk
whatsoever to Plaintiff's safety at CCCF (let alone that such
risk was substantial) or that the officers were deliberately
indifferent to such risk.

45.   Finally, the mere assertion that "officers [would] not
do anything to prevent the violence against other inmates who do
not wish to partake in the violence" (Complaint page 4) does not
state a claim for harm to plaintiff. The Complaint fails to
allege facts demonstrating, for example, that: particular
correctional officers actively ignored orders to keep Plaintiff
apart from alleged inmate-attacker(s), the alleged inmate-
attacker(s) had a history of violent conduct, or such officers
had witnessed prior violent inmate interactions made against the
Plaintiff. (The foregoing examples are merely illustrative but
not exhaustive or exclusive.) In short, Plaintiff does not
connect any particular correctional officers in any way to the
facts of the alleged "violence" (Complaint page 4). Plaintiff's
Complaint thus fails to state a claim upon which relief can be
granted on these claims.

46.   Accordingly, the Failure to Protect Claims will be
dismissed without prejudice, with leave to amend the Complaint

23

within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If Plaintiff wishes to pursue the Failure to Protect Claims, he bears the burden of supplying the facts of the claims, as discussed above. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231, and the specific conduct by named defendant officers that makes them liable for failing to protect plaintiff. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 4.   Claims of Inadequate Medical Care

47.   Plaintiff contends that he broke his thumb twice in unsanitary showers, and he alleges that treatment for the injury took "five months," during which time he "only went to Cooper Hospital twice." (Complaint § IV.)

48.   These allegations do not provide enough facts for the Court to infer that Plaintiff was denied adequate medical care.

49.   In order to set forth a cognizable claim for violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

50.  Mere assertions such as "Nurse Houston did not wish to hear what I was trying to explain" with respect to his broken thumb (Complaint Ex. 2 at 2) are insufficient to meet the pleading standard in the absence of any facts. Indeed, Plaintiff conceded on April 26, 2016 that his "thumb is healed practical[l]y [and] I wish to return to duty" (Complaint Ex. 2 at 3), and x-rays taken after Plaintiff's second thumb accident showed (as of May 29, 2016) "no re-injury to [his] hand." (*Id.*) In fact, Plaintiff told a CCCF investigator in May 2016 that he "had no other issues" and "want[ed] to be medically cleared." (*Id.*) Furthermore, Plaintiff acknowledges that he himself "refused . . . to receive opperation [sic] to fix thumb . . . while in there," based on his opinion that CCCF's "doctors and nurses do not comply with medical prodical [sic]." (Complaint page 4.) Of note, Plaintiff points out that his thumb was actually treated twice at Cooper Hospital. (Complaint § IV.) Currently, Plaintiff's allegations tend to show his injury was not "serious" and that his injury was not ignored, and at most, he disagreed with the particular medical treatment he received. This is not sufficient.

51.  If Plaintiff wishes to pursue a claim for inadequate medical care, he should provide facts in an amended complaint supporting both of the requirements of such a claim: (1) a serious medical need; and (2) behavior on the part of specific

prison officials that constitutes deliberate indifference to that need. He should not seek to amend his Inadequate Medical Care claims if he cannot meet this constitutional pleading requirement.

52. Accordingly, the Claims of Inadequate Medical Care will be dismissed without prejudice, with leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket, to meet the numerous pleading deficiencies noted above. If Plaintiff wishes to pursue the Claims of Inadequate Medical Care, he bears the burden of supplying the facts of the claims, as discussed above. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 5. Claims of Deliberate Indifference to Plaintiff's Medical Condition

53. Plaintiff alleges that he "had been upstairs [at CCCF] for almost three months with a broak [sic] thumb. I didn't think it was serious. Time went by and I had to drop a sick slip because I started to get wor[ried] about it. About a month or two went by and I was back and forth to medical. It took three x-rays for me to find out I had a fracture." (Complaint Ex. 2 at 5.)

54.  Again, this Court will measure Plaintiff's allegations according to what the Constitution requires to assert claims based on deliberate indifference to Plaintiff's medical condition. Again, he does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

55.  As a pretrial detainee, Plaintiff is entitled to the protections of the Due Process Clause of the Fourteenth Amendment, which incorporates the protections of the Eighth Amendment, including the latter's "deliberate indifference" standard. This means that "substantive due process rights are violated only when 'the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)). *Accord Jacobs v. Cumberland County Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010).

56.  Thus, in order to make out a Fourteenth Amendment constitutional claim in connection with the treatment a detainee receives in prison and the conditions under which he is confined, a plaintiff must show that the alleged deprivation was sufficiently serious and that the prison official acted with "deliberate indifference to inmate health and safety." *Gause v.*

*Diguglielmo*, 339 F. App'x 132, 134 (3d Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "'[D]eliberate indifference' is 'the equivalent of recklessly disregarding [a] risk' of serious harm to the prisoner." *Ibid.* (quoting *Farmer*, 511 U.S. at 836).

57.   Here, Plaintiff's contentions that "a month or two went by" as he went "back and forth to medical," with "three x-rays" being needed for him "to find out I had a fracture" (Complaint Ex. 2 at 5), and "Nurse Houston not wish[ing] to hear what I was trying to explain" with respect to his broken thumb (*id.* at 2), do not allege the requisite "deliberate indifference" for constitutional violation purposes.

58.   The Court holds that the Claims of Deliberate Indifference will be dismissed without prejudice, with leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If Plaintiff wishes to pursue the Claims of Deliberate Indifference, he bears the burden of supplying the facts of the claims, as discussed above. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. If Plaintiff cannot meet the Fourteenth Amendment "shocks the conscience" standard, he should not seek to amend his Complaint on this claim. The amended complaint may not adopt or repeat claims that have been

dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 6. Claims Against Owens for Overcrowded Conditions, Harassment, Failure to Protect, Inadequate Medical Care, and Deliberate Indifference to Plaintiff's Medical Condition

59. Plaintiff claims that "Warden Owens . . . was not supportive and made me feel as I had no rights." (Complaint § III(C) and page 4.) Plaintiff also contends that "officers in Camden County [Correctional Facility] will not do anything to prevent violence" (*id.*), and Plaintiff further claims that he "wrote grievances" about the purported conditions of confinement and his thumb injury care. *Id.* This Court reasonably construes these contentions to assert claims against Owens for overcrowded conditions of confinement, harassment, failure to protect, inadequate medical care, and deliberate indifference to Plaintiff's medical condition (collectively referred to hereinafter as the "Owens Claims").

60. The Owens Claims must be dismissed without prejudice because the Complaint does "[not] allege[] any personal involvement by [the Warden] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

"[Plaintiff's] complaint contains no allegations regarding [the] [W]arden. 'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] [W]arden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)).

61. Accordingly, Plaintiff's claims against Owens must be dismissed without prejudice, with leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket in order to meet the pleading deficiencies noted above.

### D.  **Claims of Negligence**

62. Plaintiff alleges that he "broke thumb from unsanitary shower conditions," that he "had to breathe dirty air do [sic] to poor ventilation & uncleaned vents," that "ceilings in cells leaked direty water causing me to slip & fall," and that "do [sic] to unsanitary shower conditions [he] felt discusted [sic] to lean on walls or hold onto anything while changing into clothes [which] caused [him] to fall forward and brake [sic] thumb" (Complaint § IV and page 4; and Exhibit 1 to Complaint (Docket Entry 2)) (hereinafter referred to as "Claims of

Negligence"). These contentions are insufficient to state a claim for relief under § 1983, as explained below.

63.   Alleging defendants are liable for Plaintiff's fall on a slippery shower floor is a claim of negligence. It is well-established that the constitution does not protect against the neglect of prison officials in the operation of the facility. *Daniels v.* Williams, 474 U.S. 327 (1986) (negligence of jail guard in leaving a pillow on staircase that caused inmate to trip and fall is not sufficient; Section 1983 does not constitutionalize tort claims). Prison officials may be held liable under § 1983 only for "intentional conduct, deliberate or reckless indifference to the prisoner's safety, or callous disregard on the part of prison officials." *Pinckney v. N.J. Dep't of Corr.*, Civ. No. 08-4430 (RMB), 2008 WL 4837475, at *3 (D.N.J. Nov. 3, 2008) (citing *Davidson v. O'Lone,* 752 F.2d 817, 828 (3d Cir. 1984), *aff'd sub nom. Davidson v. Cannon*, 474 U.S. 344 (1986)). At best, Plaintiff's statements that he slipped and fell in the slippery shower may amount to allegations of negligence, "which fail to state a claim for a constitutional deprivation." *Rodriguez v. Mercer Cty.*, Civ. No. 09-4505 FLW, 2010 WL 920153, at *9 (D.N.J. Mar. 9, 2010); *see also*, *Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) ("claims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference'" necessary to impose

liability under the Eighth Amendment) (citation omitted).
Furthermore, Plaintiff, in any event, concedes that he "went to
Cooper Hospital twice" but then "refused to receive opperation
[sic] to fix thumb . . . because of conditions in County [and] .
. . doctors [and] nurses do not comply with medical prodical
[sic]"; he therefore "refuse[d] to let hospital operate."
(Complaint § IV and page 4.)

64. Accordingly, the Claims of Negligence will be
dismissed without prejudice, with leave to amend the Complaint,
within 30 days after the date this Opinion and Order are entered
on the docket, to meet the pleading deficiencies noted above. If
Plaintiff wishes to pursue the Claims of Negligence, he bears
the burden of supplying the facts of the claims, as discussed
above. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. If
Plaintiff cannot meet the clear requirements for this claim
outlined above, he should not attempt to amend on this ground.
The amended complaint may not adopt or repeat claims that have
been dismissed with prejudice by the Court in this Opinion and
the accompanying Order.

## III. **CONCLUSION**

65. Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine

privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket.[10]

66. Plaintiff is further advised that any amended complaint must plead specific facts regarding the alleged overcrowded conditions of confinement, harassment, failure to protect, inadequate medical care, and deliberate indifference to his medical condition. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

67. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

---

[10] The amended complaint shall be subject to screening prior to service.

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

68. For the reasons stated above, the Complaint will be:

   a. Dismissed with prejudice as to the CCCF, on the grounds that CCCF is not a "person" within the meaning of 42 U.S.C. § 1983 (28 U.S.C. § 1915(e)(2)(b)(ii));

   b. Dismissed with prejudice as to overcrowded conditions of confinement claims, harassment claims, and failure to protect claims arising out of confinements from which Plaintiff was released prior to September 28, 2014, on the grounds that such claims are barred by the statute of limitations and therefore fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)); and

   c. Dismissed without prejudice as to overcrowded conditions of confinement claims, harassment claims, failure to protect claims, inadequate medical care claims, claims of deliberate indifference to Plaintiff's medical condition, claims against Owens, and negligence claims arising out of confinements from which Plaintiff was released on or after September 28, 2014, on the grounds that such claims fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)).

69.  An appropriate order follows.


**February 13, 2018**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge